UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RESERVE INTERNATIONAL LIQUIDITY FUND, :
LTD., :
: Index No. 09-CV-9021 (PGG)
        Interpleader Plaintiff, :
:
    v. : PETITION PURSUANT TO
: 28 U.S.C. § 1651 FOR AN
CAXTON INTERNATIONAL LIMITED, VERISIGN : INJUNCTION AGAINST NON-
SARL, et al. : PARTY SOCIETE GENERALE
:
        Defendants. :
------------------------------------------------------------------ x

       Petitioner Reserve Management Liquidity Fund, Ltd. (the "Fund"), by its undersigned attorneys, Stern Tannenbaum & Bell LLP, as and for its petition pursuant to 28 U.S.C. § 1651, and this Court's inherent equity powers, for an injunction directing non-party Societe Generale ("SocGen") to deposit certain funds it holds, more particularly described below, in the Court Registry in furtherance of this interpleader action, alleges as follows:

### Preliminary Statement

      1.    By this Petition, the Fund seeks to obtain for purposes of its distribution in this interpleader action over $10 million located in New York and belonging to the Fund. These funds are held by SocGen in the name of the Fund on the books of SocGen's New York branch (the "New York Deposit") and have been there since no later than February 12, 2010. There is no question but that the New York Deposit belongs to the Fund. The only impediment to the delivery of the New York Deposit to the Court's registry is the baseless claim of the B.V.I. appointed Liquidators of the Fund (the "Liquidators") that they have the right to control it. However, this Court has clearly held that those Liquidators have no authority to act on behalf of the Fund here and therefore they can have no claim to control over the New York Deposit. It is

respectfully submitted that the Court should provide SocGen with a clear order requiring it to abide by the instructions of the Fund and deliver the New York Deposit to the Court's registry.

### The Parties

2. The Fund is a limited liability company organized under the laws of the British Virgin Islands with an office at 1250 Broadway, New York, New York 10001. The Fund was a multi-billion dollar money-market type fund, but has since ceased operations and distributed 86% of its assets to shareholders, with the remaining assets in its control (other than the assets which are the subject of this Petition) deposited with the Court registry pursuant to this Court's Memorandum Opinion and Order dated April 29, 2010 (the "April 29 Interpleader Order").

3. On or about October 27, 2009, the Fund filed its interpleader complaint in this matter seeking an order of the Court accepting interpleader jurisdiction over its assets to assure the orderly and equitable distribution of those assets to the Fund's shareholders. The April 29 Interpleader Order, directs that the interpleader action would proceed and further ordered that "the Fund in conjunction with State Street, should deposit all Fund assets within its control in this Court's registry by May 7, 2010."

4. Upon information and belief, Societe Generale is a French Bank which is authorized to do business in the State of New York and has a place of business at 1221 Avenue of the Americas, New York, New York 10020. Societe Generale operates a branch in New York also with a place of business at 1221 Avenue of the Americas, New York, New York 10020.

### Jurisdiction and Venue

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367 in that the claims are related to the interpleader claims such that they form part of the same case or controversy set forth therein.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) (1), (2) and/or (3)

because SocGen resides in or may be found in the District, because a substantial part of the events giving rise to the petition occurred here, and/or because a substantial part of property that is the subject of the petition is situated in the District.

## Summary of Relief Sought

7. There are three undisputed and indisputable facts underlying this petition and warranting that it be granted: <u>first</u>, there is over $10 million in assets belonging to the Fund located in this District on the books of the New York branch of SocGen (the "New York Deposit"); <u>second</u>, this Court has held that no person or entity other than the Fund is empowered or authorized to control those funds; and <u>third</u>, the Fund seeks to have SocGen deliver the New York Deposit to the Court registry in furtherance of this interpleader action.

8. SocGen has not delivered the New York Deposit to the Fund because of the baseless claims asserted in various proceedings in the Cayman Islands by the Liquidators that they should have dominion over the New York Deposit, notwithstanding that this Court has ruled that "the Liquidators do not have standing to assume the position of the Fund's Board" in the interpleader.

9. Upon information and belief, this Court stated in a May 3, 2010 teleconference in this matter that the New York Deposit is covered by the April 29 Interpleader Order.

10. By granting this Petition and directing SocGen to deposit the New York Deposit into the Court registry, the Liquidators' baseless claims can once more, and finally, be put to rest, SocGen will have a definitive order directing its actions with respect to the New York Deposit by a Court with jurisdiction over it, and the Fund and this Court can proceed to distribute the New York Deposit together with the rest of the Fund's assets to the Fund's shareholders in accordance with the April 29 Interpleader Order.

11. Unless SocGen is directed to deliver the New York Deposit to the Court registry, the Liquidators will continue in their efforts to frustrate this Court's interpleader jurisdiction and this Court's plain order that: (a) the assets of the Fund must be deposited in the Court registry and (b) the Liquidators have no authority or power in the United States.

12. Indeed, shortly after this Court denied the Liquidators' application to act on behalf of the Fund here, <u>and</u> while they knew that the New York Deposit was located in this jurisdiction, the Liquidators returned to the Cayman Islands Court and sought a further order of the Court there directing SocGen to return the New York Deposit to the Liquidators. That motion is presently scheduled to be heard on May 28, 2010.

13. The grant of the instant petition is necessary and appropriate in aid of this Court's jurisdiction over the interpleader action and to prevent the frustration of its jurisdiction and of its April 29 Interpleader Order.

14. SocGen has no claim to or against the New York Deposit.

**Background**

15. On February 11, 2010, Reserve Management Company, Inc. ("RMCI"), on behalf of the Fund, and through brokers located in New Jersey, invested $10 million in an U.S. dollars overnight time deposit with SocGen (hereinbefore defined as the "New York Deposit").

16. Pursuant to the terms of the investment, as reflected in the attached Trade Tickets (Exhibit A), SocGen was contractually obligated and required to return the New York Deposit on February 12, 2010, together with the interest it earned (the "SocGen Proceeds"), to State Street Bank and Trust Company ("State Street"), the custodian of the Fund, in Boston, Massachusetts.

17. The New York Deposit, however, was not, and to date has not been, returned.

18. Upon information and belief, the New York Deposit was not returned to State

Street because the Liquidators learned of this planned deposit and, on February 10, 2010, before the Fund even made its deposit, directed SocGen to freeze the (not yet extant) Cayman Island account.

19. But for the interference of the Liquidators, the New York Deposit would have been returned in the ordinary course to State Street on February 12, 2010.

20. On April 12, 2009, RMCI, a defendant in a pending action in the Supreme Court of the State and County of New York, entitled Caxton International Limited et al. v. Reserve International Liquidity Fund, Ltd. et al., (Index No. 602875/08), filed a third party complaint against SocGen alleging, inter alia, that SocGen was wrongfully withholding the New York Deposit. RMCI also moved, by order to show cause for a preliminary injunction and a temporary restraining order preventing SocGen from transferring the New York Deposit other than to State Street. (The motion was also directed to Branch Bank and Trust Company, Inc., against whom the action has been dismissed without prejudice.) The Fund subsequently joined in the third party action and in the motion. The motion was set down for argument on April 13, 2010.

21. On April 13, 2010, while the parties were before the Supreme Court arguing that motion, the Liquidators obtained an order from the Cayman Island Court directing SocGen to pay the Deposit "in Account number 3617600A90 operated by [SocGen] in its Cayman Islands branch..." in accordance with the instructions of the Liquidators (the "Cayman April 13 Order") (Exhibit B).

22. This order was the culmination of various actions or writs brought by the Liquidators, SocGen and RMCI in the Cayman Islands.

23. On April 15, 2010, the New York Supreme Court initially denied the motion for a

York Deposit was on the books of SocGen's New York branch. (Exhibit C.)

32. In particular, the Second Tipton Aff. discloses the following:

(a) On February 10, 2010, even before the Fund made the New York Deposit with SocGen, the Liquidators learned of those upcoming trades, and sent a letter to SocGen purporting to freeze the Fund's accounts with the bank.

(b) Upon information and belief, on February 11, 2010, at 8:59 a.m. in anticipation of receiving funds in respect of the New York Deposit from RMCI on behalf of the Fund, SocGen purportedly transferred $10 million from its own funds held in the name "Soc Gen RR MMO Internal Settlement," account no. 09052542 c/o 1221 Avenue of the Americas in New York, to account no. 00196037 in the name of SG MM Gap Management GC c/o 1221 Avenue of the Americas in New York. (Exhibit D.)

(c) Upon information and belief, SocGen contends that account no. 00196037, the transferee of this transaction, was on the books of its Cayman Island "branch," notwithstanding that the branch has an address at 1221 Avenue of the Americas in New York.

(d) Upon information and belief, on or about 12:17 p.m. on February 11, 2010, SocGen's Cayman Island agent emailed the Liquidators' February 10, 2010 letter to SocGen in New York.

(e) On or about 12:43 p.m. on February 11, 2010, SocGen began to search for an account in the name of the Fund and/or RMCI on the books of the Cayman Island "branch" of SocGen.

(f) On or about 4:44 p.m. on February 11, 2010, RMCI caused State Street to

Account number 3617600A90, the New York Supreme Court reconsidered its earlier decision and granted the temporary restraining order enjoining SocGen from transferring the New York Deposit. The TRO continues in effect until at least the next hearing before the Supreme Court scheduled for May 27, 2010 at 3:00 p.m.

36. The Supreme Court has indicated it would dissolve the TRO if this Court ordered the New York Deposit be delivered to the Court Registry to allow for such a transfer.

37. There is no order of any Court prohibiting SocGen from delivering the New York Deposit to the Court registry.

38. Despite the facts that: (a) the New York Deposit is in New York; (b) the Cayman April 13 Order was procured based on SocGen's inadvertent misrepresentations that the New York Deposit was in the Cayman Islands; (c) the Liquidators have conceded that there is no effective order requiring SocGen to deliver the New York Deposit to them; and (d) this Court has ruled that the Liquidators have no authority to act in the United States, the Liquidators persist in their efforts to obtain the New York Deposit, most recently by seeking to have the Cayman Islands Court issue a new "supplemental order" directing the deliver of the New York Deposit to them wherever it is located.

39. That application is scheduled to be heard on May 28, 2010 and a ruling on it application may be made at any time thus necessitating the making of this petition by order to show cause.

## AS AND FOR A FIRST CLAIM FOR RELIEF

40. Petitioner repeats and realleges the allegations contained in paragraphs 1 through 39 of the Petition as if said allegations were set forth in full.

41. The disbursement of the $10 million New York Deposit to the Liquidators will

the Court registry and thereby forestall the Liquidators' efforts to interfere with and frustrate this action.

52. The Fund lacks an adequate remedy at law.

WHEREFORE, the Fund respectfully demands a writ directing SocGen immediately to deposit the New York Deposit in the Court's registry and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 25, 2010

STERN, TANNENBAUM & BELL LLP

By: _____
David S. Tannenbaum
Karen S. Frieman
380 Lexington Avenue
New York, New York 10168
(212) 792-8484
*Attorneys for Reserve International
Liquidity Fund, Ltd. on the Petition only*